UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ROCCO TARANTINO, as Administrator of the Estate
of CARMINE ANTONIO TARANTINO, deceased,

                                Plaintiff,

- against -

BETHEL SPRINGVALE NURSING HOME, INC., d/b/a
BETHEL NURSING & REHABILITATION CENTER,

                                Defendant.
------------------------------------------------------------------------x

**ORDER**

No. 22-CV-7152 (CS)

Appearances:
Damien Smith
Duffy & Duffy, PLLC
Uniondale, New York
*Counsel for Plaintiff*

Fiachra P. Moody
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
White Plains, New York
*Counsel for Defendant*

Seibel, J.

    Before the Court is Plaintiff's motion to remand, (ECF No. 12), and Defendant's cross-motion to dismiss, (ECF No. 15). For the following reasons, Plaintiff's motion to remand is GRANTED and Defendant's cross-motion to dismiss is DENIED without prejudice.

    Plaintiff commenced this action in the New York State Supreme Court, Westchester County, on April 4, 2022, against Defendant Bethel Springvale Nursing Home, Inc., on behalf of the estate of his father ("Decedent"). (ECF No. 1-1.) Plaintiff alleges that while Decedent was residing at Defendant's facility, Defendant "failed to timely and properly recognize and act upon [his] signs and symptoms of infection from COVID-19, including fever, hypertension, tachypnea, and hypoxia," (ECF No. 1-2 ¶ 36), and "failed to provide proper infection prevention

and control procedures," (*id.* ¶ 38), resulting in Decedent's death, (*id.* ¶ 37). Plaintiff brings claims for violation of New York Public Health Law § 2801-d, (*id.* ¶¶ 48-74), wrongful death, (*id.* ¶¶ 75-81), and gross negligence, (*id.* ¶¶ 82-91).

On August 22, 2022, Defendant timely removed the case to this Court. (*See* ECF No. 1.) On September 27, 2022, the Court held a pre-motion conference during which I permitted Plaintiff to file a motion to remand the case to state court and Defendant to file a cross-motion to dismiss. (*See* Minute Entry dated Sept. 27, 2022.) The instant motions followed.

The issues and arguments presented in Plaintiff's motion to remand are substantively identical to those in *Torres v. St. Vincent DePaul Residence*, No. 22-CV-7102, 2023 WL 2754305 (S.D.N.Y. Apr. 3, 2023). For the reasons set forth in *Torres*, the Court grants Plaintiff's motion to remand in light of the Second Circuit's holdings in *Solomon v. St. Joseph Hosp.*, 62 F.4th 54 (2d Cir. 2023). I therefore need not reach the merits of Defendant's motion to dismiss for failure to state a claim and deny that motion as moot. *See, e.g.*, *Rivera-Zayas v. Our Lady of Consolation Geriatric Care Ctr.*, No. 20-CV-5153, 2021 WL 3549878, at *1 (E.D.N.Y. Aug. 11, 2021) ("Because this court lacks subject matter jurisdiction over this action, Plaintiff's motion to remand is GRANTED and Defendants' motion to dismiss is DENIED as moot."); *see also Am. Italian Women for Greater New Haven v. City of New Haven*, No. 21-CV-1401, 2023 WL 122043, at *3 (D. Conn. Jan. 5, 2023) (court should consider motion to dismiss for lack of subject matter jurisdiction before other motions "because lack of subject matter jurisdiction may render the other challenges moot").

Accordingly, for the reasons set forth above, Plaintiff's motion to remand is GRANTED and Defendant's cross-motion to dismiss is DENIED without prejudice. The Clerk of Court is

respectfully directed to terminate the pending motions, (ECF Nos. 12, 15), and remand this case to the Supreme Court of the State of New York, Westchester County.

**SO ORDERED.**

Dated: April 4, 2023
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.